CLARK, SECRETARY OF INTERIOR, ET AL. *v.*
CALIFORNIA ET AL.

No. A–470.   Decided December 20, 1983*

JUSTICE REHNQUIST, Circuit Justice.

Applicants, who include the Secretary of the Interior and the Western Oil and Gas Association, request that I stay a preliminary injunction issued by the United States District Court for the Central District of California.   The United States Court of Appeals for the Ninth Circuit denied the request for a stay without opinion.   The preliminary injunction prohibits the Secretary from conducting Lease Sale 73, the sale of 137 designated tracts on the Pacific Outer Continental Shelf for oil and gas leasing.   As issued it is effective pending final determination of respondent California's claims, the principal of which is its claim that the Secretary did not prepare an adequate "consistency determination" pursuant to § 307(c)(1) of the Coastal Zone Management Act of 1972, 86 Stat. 1285, 16 U. S. C. § 1456(c)(1), as interpreted by the Court of Appeals for the Ninth Circuit in *California* v. *Watt*, 683 F. 2d 1253 (1982), cert. granted, 461 U. S. 925 (1983) (argued November 1, 1983).

Section 307(c)(1) provides:

"Each Federal agency conducting or supporting activities *directly affecting* the coastal zone shall conduct or

*Together with No. A–471, *Western Oil & Gas Association et al.* v. *California et al.*, also on application for stay of the same preliminary injunction.

support those activities in a manner which is, to the maximum extent practicable, consistent with approved state management programs." 16 U. S. C. § 1456(c)(1) (emphasis added).

In *California* v. *Watt, supra* (now *sub nom. Clark* v. *California*), the Court will decide whether the Secretary's sale of oil and gas leases is an activity "directly affecting" the coastal zone within the meaning of § 307(c)(1). Unless the Court answers that question in the affirmative, there is no statutory requirement at this stage of the project that the Secretary prepare the "consistency determination" which the District Court deemed inadequate and which formed the basis of its decision to issue the injunction in this case.

Having examined the submissions of the parties, I have decided to stay the preliminary injunction pending this Court's resolution of the question presented in *Clark* v. *California*, concluding as I do that in the interim the traditional considerations affecting the award of equitable relief favor the applicants.

*It is so ordered.*